# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 09CR2582 WQH |
| Plaintiff, | ORDER |
| vs. | |
| MATTHEW LA MADRID (1), LANCE LA MADRID (2), ERIC MONTEIL (3), | |
| Defendants. | |

HAYES, Judge:

In the matter before the Court, Defendants move the Court to declare this case complex and exclude time pursuant to Speedy Trial Act, 18 U.S.C. § 3161, *et seq.* (Doc. # 56, 55, 90).

Defendants assert that the Court should declare this case complex based upon the massive discovery materials including many thousands of pages contained on an internal hard-drive and 7 compact discs, and th additional discovery promised but not yet provided by the Government. Defendants assert that additional time is required in order to properly review the large volume of discovery materials and to prepare the defense in this fairly complicated and lengthy bank fraud, wire fraud, mail fraud case which occurred over the past three or four years. The Government does not oppose a finding of complexity under the Speedy Trial Act.

Section 3161(h)(7)(A) provides that the Court may exclude any period of delay resulting from a continuance "if the judge granted the continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Factors which a judge shall consider in determining whether

1 to grant a continuance under subparagraph (A) include "[w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established..." Section 3161(h)(7)(B)(ii).  "[N]o continuance period may be excluded unless the court makes reasonably explicit findings that demonstrate that the ends of justice served by granting the continuance do, in fact, outweigh the best interests of the public and the defendant in a speedy trial." *United States v. Perez-Reveles*, 715 F.2d 1348, 1352 (9th Cir. 1983).

Based upon the complex nature of this fraud action involving a large volume of discovery, the Court concludes that it would be unreasonable to expect defense counsel to be able to adequately prepare for pretrial proceedings or for the trial itself within the time limits established under Section 3161, et seq., taking into account the exercise of due diligence.  The Court concludes that the ends of justice served by a continuance outweigh the best interest of the public and the Defendants in a speedy trial.  Based upon the finding of complexity, the court will exclude the period of time between September 4, 2009 to January 11, 2010 in order to allow all defense counsel an opportunity to review and organize the large volume of discovery, to conduct the required investigation, and to effectively prepare pretrial motions.

IT IS HEREBY ORDERED that the motion to declare this case complex and exclude time pursuant to Speedy Trial Act filed by Defendants (Doc. # 56, 55, 90) are granted.

IT IS FURTHER ORDERED that a period of excludable delay from September 4, 2009 to January 11, 2010 is allowed pursuant to Section 3161(h)(7), in addition to any time excludable pursuant to Section 3161(h)(1)(D).  This period of excludable delay applies to all defendants in this case pursuant to Section 3161(h)(6).  A further hearing has been scheduled in this matter for January 11, 2010 at 2 p.m.

DATED: October 29, 2009

**WILLIAM Q. HAYES**
United States District Judge